UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY WELCH, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SHELBY CROWE, COLDWELL | § | CIVIL ACTION NO. 4:21-cv-02462 |
| BANKER REAL ESTATE LLC dba | § | |
| COLDWELL BANKER UNITED | § | |
| PEARLAND AND JP MORGAN | § | |
| CHASE | § | |
|    Defendants. | § | |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S
## MOTION FOR SUMMARY JUDGMENT

Defendant JPMorgan Chase Bank, N.A. ("JPMC") files this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and respectfully shows as follows:

### I.    INTRODUCTION

Plaintiff is a serial squatter. Plaintiff began squatting at 2003 Darby Lane, Fresno, Texas 77545 (the "Property") in late 2019. JPMC purchased the Property through a foreclosure sale on April 2, 2019 and owned the Property until December 17, 2021. On April 3, 2019, JPMC hired Shelby Crowe with NRT Texas, LLC and entered into an agreement to perform certain pre-listing services to prepare the Property for sale (the "Pre-Listing Agreement"). While the Pre-Listing Agreement was in effect, the Property was not available for sale, and in fact, the Pre-Listing Agreement explicitly states Ms. Crowe was

not authorized to market or sell the Property. On June 19, 2019, JPMC moved to evict the previous owner and occupant. JPMC ultimately took possession of the Property in October 2019. In December 2019, Ms. Crowe discovered Plaintiff had moved in to the Property without JPMC's authorization. JPMC obtained a writ of possession against Plaintiff. Plaintiff moved to vacate the writ of possession, and his motion was denied. On April 16, 2021, Plaintiff filed this suit against JPMC for the alleged refusal "to sell the [P]roperty based on his race" in violation of the Texas Fair Housing Act after he allegedly "requested to purchase the property from [JPMC]." Doc. 1-1, p. 13. On August 23, 2021, JPMC, through its authorized agent, entered into a listing agreement with Ms. Crowe authorizing her to sell the Property for JPMC (the "Listing Agreement"). The Listing Agreement was the first listing agreement JPMC had for the Property and represents the first time the Property was for sale since JPMC acquired it. Because the Property was not for sale at the time Plaintiff allegedly requested or offered to purchase the Property and because Plaintiff has no evidence he suffered any damages, Plaintiff's claims fail as a matter of law, and JPMC is entitled to summary judgment.

## II. SUMMARY JUDGMENT EVIDENCE

In support of its Motion for Summary Judgment, JPMC relies on and incorporates by reference the following evidence which is included in its contemporaneously filed appendix:

| | | |
|---|---|---|
| Exhibit A | Certified copy of April 8, 2019 Substitute Trustee's Deed | App. 001 - 004 |
| Exhibit B | Certified copy of December 17, 2021 Special Warranty Deed | App. 005 - 009 |

| Exhibit C | Declaration of Shelby Crowe | App. 010 - 013 |
| Exhibit C-1 | April 3, 2019 Pre-Listing Agreement | App. 014 - 016 |
| Exhibit C-2 | August 23, 2021 Listing Agreement | App. 017 - 023 |
| Exhibit D | Certified copy of March 29, 2021 Writ of Possession | App. 024 - 030 |
| Exhibit E | Certified copy of April 5, 2021 Officer's Return of Service | App. 031 - 036 |
| Exhibit F | Certified copy of Order Denying Motion to Vacate Writ of Possession | App. 037 - 039 |
| Exhibit G | Certified copy of April 23, 2021 Memorandum Opinion Denying Petition for Writ of Mandamus | App. 040 - 045 |

### III.   STATEMENT OF MATERIAL FACTS

JPMC purchased the Property on April 2, 2019 at a non-judicial foreclosure sale and owned the Property until December 17, 2021. Ex. A; Ex. B. Plaintiff began squatting at the Property between October 1, 2019 and December 7, 2019. Ex. C, ¶ 5-6. JPMC obtained a writ of possession which was executed on or about March 29, 2021, thereby evicting Plaintiff from the Property. Ex. D; Ex. E. Plaintiff's attempts to challenge the eviction proceedings and/or writ of possession have failed. *See* Ex. F; Ex. G. From April 2, 2019 until this suit was filed on April 16, 2021, the Property was not for sale. Ex. C, ¶ 8. Instead, on April 3, 2019, after JPMC purchased the Property, JPMC entered into an agreement with Ms. Crowe to perform certain pre-listing duties to prepare the Property for sale (the "Pre-Listing Agreement"). Ex. C, ¶ 3-4; Ex. C-1. At the time JPMC purchased the Property, JPMC had to address numerous issues before marketing and selling the Property. Ex. C, ¶ 4. These issues included, but were not limited to: (1) the roof needed to be repaired; (2) the Property needed new air conditioning units; (3) the exterior was leaking moisture after

precipitation events; and (4) the refrigerator needed to be replaced. *Id.* Additionally, JPMC had to ensure the Property was empty. *Id.* Because Mr. Welch was squatting, JPMC had to evict him before it could sell the Property. *Id.* Accordingly, the Property was not available for sale to anyone, and Ms. Crowe was not authorized to market, list, or sell the Property under the Pre-Listing Agreement. *Id.*, ¶ 3-8; Ex. C-1. On August 23, 2021, after the Property had been made ready for sale and Plaintiff had been removed from the Property, JPMC, through its authorized agent, entered into a listing agreement with Ms. Crowe (the "Listing Agreement"). Ex. C, ¶ 9; Ex. C-2. Pursuant to the Listing Agreement, Ms. Crowe was authorized to list, market, and sell the Property. Ex. C, ¶ 10; Ex. C-2. The effective date of the Listing Agreement, August 23, 2021, represents the first time the Property was available for sale by JPMC. Ex. C, ¶ 10.

## IV. LEGAL STANDARD

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed. R. Civ. P. 56(c). If a defendant is moving for summary judgment on claims or issues as to which the plaintiff has the burden of proof, the defendant can obtain summary judgment as to the claim in question by pointing to the court the absence of evidence on any essential element of the claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-22 (1986). If the moving party meets the initial burden of establishing there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. *Id.* The non-movant cannot satisfy his summary

precipitation events; and (4) the refrigerator needed to be replaced. *Id.* Additionally, JPMC had to ensure the Property was empty. *Id.* Because Mr. Welch was squatting, JPMC had to evict him before it could sell the Property. *Id.* Accordingly, the Property was not available for sale to anyone, and Ms. Crowe was not authorized to market, list, or sell the Property under the Pre-Listing Agreement. *Id.*, ¶ 3-8; Ex. C-1. On August 23, 2021, after the Property had been made ready for sale and Plaintiff had been removed from the Property, JPMC, through its authorized agent, entered into a listing agreement with Ms. Crowe (the "Listing Agreement"). Ex. C, ¶ 9; Ex. C-2. Pursuant to the Listing Agreement, Ms. Crowe was authorized to list, market, and sell the Property. Ex. C, ¶ 10; Ex. C-2. The effective date of the Listing Agreement, August 23, 2021, represents the first time the Property was available for sale by JPMC. Ex. C, ¶ 10.

## IV. LEGAL STANDARD

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed. R. Civ. P. 56(c). If a defendant is moving for summary judgment on claims or issues as to which the plaintiff has the burden of proof, the defendant can obtain summary judgment as to the claim in question by pointing to the court the absence of evidence on any essential element of the claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-22 (1986). If the moving party meets the initial burden of establishing there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. *Id.* The non-movant cannot satisfy his summary

judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The non-movant fails to demonstrate a genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## V. ARGUMENT AND AUTHORITIES

### A. Plaintiff's claim for violation of Section 301.021 of the Texas Property Code fails.

*1. JPMC did not violate Section 301.021 of the Texas Property Code.*

Plaintiff alleges JPMC violated the Texas Fair Housing Act, specifically section 301.021 of the Texas Property Code, by refusing to sell the Property or negotiate the sale of the Property in which he was squatting because of Plaintiff's race or color. Doc. 1-1, p. 13-14. Plaintiff alleges he "requested to purchase the [P]roperty from the Defendants" and that Defendants "refused to sell the [P]roperty based on his race." *Id.*, p. 13. The Property was not for sale when Plaintiff was squatting in the Property, when he was evicted from the Property, or at any time relevant to Plaintiff's claims, including at any time he allegedly requested or offered to purchase the Property. Instead, months after this lawsuit was filed, the Property was listed for sale on or about August 23, 2021 pursuant to the Listing Agreement. Ex. C; Ex. C-2. While the Texas Fair Housing Act prohibits discrimination in the sale and rental of housing, it does not create an obligation upon homeowners with respect to unsolicited offers to buy homes that are not for sale. *See Lawrence v. Cty. of Orange*, No. 09-CV-5043 (CS), 2010 WL 11712671, at *5 (S.D.N.Y. June 1, 2010)

(finding it impossible to state a claim for discrimination under the federal Fair Housing Act where the relevant property was not for sale at the relevant time). Because at all relevant times the Property was not for sale, JPMC cannot have discriminated against Plaintiff by not selling him the Property. Plaintiff's claim for violation of the Texas Fair Housing Act fails as a matter of law, and JPMC is entitled to summary judgment.

    2. *Plaintiff has no damages.*

Plaintiff seeks actual, exemplary, and treble damages. *See* Doc. 1-1, p. 15. Treble damages are not available for a claim for violation of the Texas Fair Housing Act. *See* Tex. Prop. Code § 301.153. Further, Plaintiff cannot credibly allege, must less establish, actual damages. The Petition makes the conclusory allegation that Plaintiff "incurred damages, moving expenses, and mental anguish." Doc. 1-1, p. 13. Plaintiff's alleged moving expenses are not damages within the scope of a Section 301.021 claim. Plaintiff was squatting in the Property and was evicted – requiring he move out of the Property. Allowing Plaintiff to recover moving expenses related to the eviction would amount to a collateral attack on the judgment(s) of the court handling the eviction action.

Under Texas law, courts typically demand "direct evidence of the nature, duration, and severity of [the] mental anguish, ... establishing a substantial disruption in the plaintiffs' daily routine" *City of Tyler v. Likes*, 962 S.W.2d 489, 495 (Tex. 1997). JPMC served a request for production seeking documents or evidence reflecting the mental anguish allegedly suffered. Despite the deadline to do so having passed, Plaintiff did not produce any such documents. Plaintiff has no direct evidence to support his alleged mental anguish damages.

In Plaintiff's Initial Disclosures, Plaintiff indicated he suffered $375,000 in damages "for repairs to the property." Despite a request to produce documents or evidence supporting this claim and the deadline to produce such documents or evidence having passed, Plaintiff has failed to do so. Plaintiff has no evidence to support any of his alleged damages, and therefore he cannot establish damages. JPMC is entitled to summary judgment on Plaintiff's claim for violation of Section 301.012 of the Texas Property Code.

### B. Plaintiff's "Course of Dealing and Estoppel" claim is not a cognizable cause of action.

At the outset, it is not even clear what "course of dealing" Plaintiff alleges he had with JPMC or what it is that Plaintiff seeks to have JPMC estopped from doing as a result of the alleged course of dealing. However, it is clear that this purported cause of action is just another way of alleging JPMC discriminated against Plaintiff in violation of the Texas Property Code. Whatever cause of action Plaintiff purports to seek or relief he intends to obtain, such cause of action is not cognizable under Texas law, and there is no evidence supporting any such cause of action. As discussed *supra*, JPMC did not discriminate against Plaintiff by not selling him the Property because the Property was not for sale at the relevant time, and JPMC is not obligated to consider, let alone accept, unsolicited offers to purchase homes which are not for sale, regardless of whether the offering party is a member of a protected class. JPMC is entitled to summary judgment on Plaintiff's purported claim for "Course of Dealing and Estoppel."

## VI. <u>CONCLUSION</u>

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. requests that this Court grant a take-nothing summary judgment on all of Plaintiff's claims and award JPMC such other and further relief to which it may be justly entitled.

Respectfully submitted,

<u>/s/ Eric G. Carlson</u>
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
ERIC G. CARLSON, of counsel
Texas Bar No. 24100076
S.D. Bar No. 3076490
**QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.**, of counsel
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
ecarlson@qslwm.com

**ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

This is to certify that on March 16, 2022, a true and correct copy of the foregoing pleading has been furnished to *pro se* Plaintiff and all counsel of record in accordance with the Federal Rules of Civil Procedure.

Anthony Welch
7322 SW Freeway
Suite 802
Houston, TX 77074
anthonywelch562@gmail.com

Mark J. Courtois
FUNDERBURK FUNDERBURK COURTOIS, LLP
2777 Allen Parkway, Suite 1000
Houston, TX 77019-2141
mjcourtois@ffllp.com

 */s/ Eric G. Carlson*
Eric G. Carlson